IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.

CHARLES J. DOMBECK,

                Defendant.

OPINION and ORDER

23-cv-771-jdp

---

I allowed plaintiff Demetrius Cooper to proceed on Eighth Amendment and medical negligence claims based on the allegation that defendant Charles J. Dombeck discontinued his Lyrica prescription and ignored his complaints that he needed pain medication. Dkt. 3. Cooper moves to strike Dombeck's affirmative defenses of qualified immunity, sovereign immunity, and failure to exhaust administrative remedies. Dkt. 7. I will grant this motion in part and deny it in part.

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted).

Cooper argues that the failure-to-exhaust defense should be stricken because Dombeck acknowledges that he's filed a related inmate complaint. Dkt. 7 at 2. But the mere fact that a prisoner has filed an inmate complaint that relates to the claims on which he's proceeding

doesn't mean that he has exhausted administrative remedies on those claims. At this early stage, where the parties have yet to conduct discovery and don't know all the material facts regarding Cooper's exhaustion of his claims, I cannot say that this defense would fail. I will deny Cooper's request to strike Dombeck's failure-to-exhaust defense.

Cooper argues that the qualified immunity defense should be stricken because it couldn't succeed considering the allegations supporting his claims. *Id.* at 2–3. But, because the facts regarding Cooper's claims are uncertain at this early stage, I cannot say that this defense would fail. I will deny Cooper's request to strike Dombeck's qualified immunity defense.

Cooper argues that Dombeck's sovereign immunity defense should be stricken because he's suing him in his individual capacity. *Id.* at 4. Dombeck agrees that this defense doesn't apply. Dkt. 11 at 3. I will strike Dombeck's sovereign immunity defense.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius Cooper's motion to strike, Dkt. 7, is GRANTED in part and DENIED in part. As a result, defendant Charles J. Dombeck's defense of sovereign immunity is STRUCK.

2. The clerk is directed to send plaintiff a copy of this order.

Entered June 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge